## M. E. GANDY ET AL. V. J. M. EARLY.

[FILED SEPTEMBER 16, 1890.]

**Trial**: ORDER OF PROOF: VARIATION.   The statute prescribes the order of proof on the trial of a cause.   This, however, may be varied by the court where it will work no injustice to the parties. If a plaintiff fail to introduce all his evidence in chief in opening his case and afterwards, when offering evidence to rebut the defendant's proof, introduces evidence in chief, the defendant has a right to offer proof to deny, modify, or explain such new evidence.

ERROR to the district court for Richardson county. Tried blow before APPELGET, J.

*E. W. Thomas,* for plaintiffs in error.

*F. Martin,* and *E. A. Tucker, contra.*

MAXWELL, J.

This action was brought in the district court of Richardson county by the defendant in error against the plaintiffs in error to recover the possession of certain personal property, or, in case the same could not be recovered, of the value thereof, which is to be alleged to be the sum of $350.   The answer is a general denial.

The property was not taken under the order of replevin and the action proceeded as one for damages.

On the trial of the cause the jury rendered a verdict in favor of the defendant in error and against the plaintiffs in error for the sum of $350, for which judgment was rendered.

The plaintiff in error in support of the motion for a new trial filed the following affidavit:

"I, E. W. Thomas, being duly sworn, say I am attorney for defendant in the above action and was so when the

same was tried March 8th and 9th last week. On the trial
of said cause, after plaintiff had introduced his evidence
tending to prove that one of the notes offered in evidence
by plaintiff (to-wit, the note for $95.50) had been paid by
plaintiff and his brother turning over and giving to de-
fendant two timber claims. I called James L. Gandy and
attempted to prove by him that said note had never been
paid either in whole or in part, and I then asked said
Gandy a question to that effect, but the court refused to
allow said question to be asked and, as I understood the
matter, the court ordered that said question should not be
taken down by the reporter, with my exceptions to the
rulings of said court about the same. Thereupon I pre-
sented to the court the following offer of proof in writing,
to-wit:

" 'Defendant now offers to prove by the testimony of
James L. Gandy and others that the promissory note,
which is in evidence, dated May 27, 1886, for $95.90 signed
by James M. Early and W. D. Early in favor of M. E.
Gandy, or order, has never been paid either in whole or in
part.'

" The court, however, refused to allow me to put in the
said proof, or to examine the witnesses thereon. To all which
ruling I at the time excepted. Thereupon the court stated
positively that if I should ask any more questions of my
witnesses on any other point than on the question whether
the said larger chattel mortgage had been changed since it
was executed and delivered I must retire from the case, or
the court would fine me for contempt. I at the same time
asked of witness E. D. W. Sheckell, whom I then had on
the stand, whether or not he had heard James W. Early,
on December 1, 1887, at a certain restaurant nearly oppo-
site the Filson house in Humboldt, Nebraska, say that he
(Early) was then justly indebted to M. E. Gandy in the
sum of $150.

"In asking the said question I attempted to put to the

witness the same question I had asked, and about the same matter on which I had cross-examined plaintiff when upon the stand as a witness for himself.   The court refused to permit said question to be asked, to which ruling I then excepted.   The court, as I understood the matter, ordered that my objections and exceptions do not appear upon the reporter's record.   To all of which I at the time excepted. The court ordered positively, and under a threat of fine for disobedience, that I should not ask any questions whatever, except such as might tend to prove that said chattel mortgage had not been altered since it was made.   By the said order of the court I was prevented from contradicting by my witnesses statements which had been made by plaintiff and his witnesses when presenting their case.

"The said testimony was rejected and said procedings took place while defendant was offering his testimony after plaintiff had last examined his witnesses.   I make this affidavit for the purpose of getting the above facts upon the record, and with all due respect for the court.   I obeyed the order of the court, and thereupon asked no further questions than concerning the alleged change of the chattel mortgage.                    E. W. THOMAS."

On pages 98–99 of the record J. L. Gandy, being called as a witness, testified as follows:

Q. Where was that mortgage made?

A. At my office.

Q. At what place?

A. At my office in Humboldt, Nebraska.   After I made the mortgage I read it over carefully to Mr. Early, and he took the mortgage himself and read it; then after reading it he said, "It is all right, but I want it understood that I can sell the stock and you will take the notes to pay on the mortgage;" and I told him it would be all right.

Q. I believe Mr. Early stated yesterday that all he got for that was $30.   What about that?   (Objected to, as im-

material and not proper redirect examination.    Sustained.
Defendants except.)

Q. Was the consideration for which the note was given
only $30, as stated by Mr. Early?

A. It was not.

Q. What was the consideration then?    (The court here
objected to going into this case in chief and orders that no
questions shall be asked witnesses on any subject but as to
the alteration of the mortgage.    Defendants except.)

Q. Was the note dated May 27, 1886, for $95.90, signed
by James M. Early and W. D. Early, paid?    (The court
rules the question inadmissible.    Defendants except.)

Q. Defendants offer to prove by the testimony of J. L.
Gandy and others that the note in evidence dated May 27,
1886, for $95.90, signed by James M. Early and W. D.
Early in favor of M. E. Gandy, or order, has never been
paid, either in whole or in part.    (The court rules the
question inadmissible and orders that the only thing the
witness can be questioned about is, whether the mortgage
of October 29, 1886, was ever changed.    To which ruling
and order the defendants except.)

The action was brought by Early against the Gandys
to recover certain personal property mortgaged by him to
them, or in case the property could not be found, then to
recover the value thereof.    His right to recover depended
on the fact that he had paid the debt.    In his proof in re-
buttal he introduced evidence which should have been given
in chief, and this is the evidence which the plaintiffs in
error sought to deny or explain.    The statute provides the
order of proof on the trial of a case but gives the court a
discretion in admitting evidence out of its proper order.
If, therefore, the court permits a party to introduce ma-
terial evidence out of the proper order, the adverse party
must be permitted if he so desire to introduce proof on
that matter.    The law gives to both parties the right to be
heard—that is, each party may present his proof and sub-

mit it to the court and jury—have his day in court so to speak, and submit his own side of the controversy, and he cannot be deprived of this right by the failure of the plaintiff to introduce all the evidence on which he relies on the opening of the case. The law favors a full inquiry into the merits of a controversy so that justice may be done in the case. Both parties, therefore, must have a fair opportunity to offer their proof. This seems to have been denied in the case at bar.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.